No. 6148.

MRS. JEANNETTE WELLS VS. E. E. NORTON AND WILL STEVEN, ASSIGNEES OF J. HOY. & CO.

During several years previous to this suit, the Wellswood plantation, of which plaintiff is part owner, was exclusively under the control and management of plaintiff's husband. He corresponded with the merchants, ordered supplies, drew drafts upon them, and the merchants' accounts were charged to Wellswood plantation, and its products were shipped to the merchants. For a balance claimed by Joseph Hoy & Co. as due to them suit was brought against Mrs. Wells, the plaintiff in this case, judgment obtained, and, on execution having issued upon this judgment and her undivided half-share being seized by the sheriff, she sued out an injunction restraining the sale, and prayed that the judgment rendered against her be declared null and void.

The court below did not err in annulling said judgment. Under the circumstances of the case, the wife was not responsible for the indebtedness contracted by the husband. It is not shown that she derived any benefit personally by the transactions that took place between Hoy & Co. and her husband, or that her husband acted as her agent by her authority. She is not separate in property from her husband, and the community of acquests and gains between them has never been dissolved. The debt is a community debt, for which the wife's paraphernal property is not bound.

APPEAL from the Ninth Judicial District Court, parish of Rapides. Orsborn, J. W. F. Blackman, for plaintiff and appellee. Robert A. Hunter, for defendants and appellants.

TALIAFERRO, J. During the years 1869 and 1870 Joseph Hoy & Co., of New Orleans, as factors and commission merchants, furnished the Wellswood plantation, in the parish of Rapides, with the necessary supplies and means required for its cultivation as a sugar estate, and transacted the business of the place generally. This plantation is owned by the plaintiff and her sister, Martha L. Wells, an interdict, and the succession of T. J. Wells, deceased. No division of the property, it seems, has ever been made. By an agreement between Montfort Wells, the plaintiff's

husband, and the curator of Mrs. Martha L. Wells, it was arranged that, for the support and care of the interdicted sister of plaintiff, Montfort Wells should have the use of and cultivate her portion of the property. During the years aforesaid the Wellswood plantation was exclusively under the control and management of Montfort Wells, the plaintiff's husband. He corresponded with the merchants, ordered supplies, drew drafts upon them, and the merchants' accounts were charged to Wellswood plantation, and its products were shipped to the merchants.

For a balance claimed to be due by Joseph Hoy & Co., amounting to $13,074 26, suit was brought against Mrs. Wells, the plaintiff, and judgment obtained on the fifth of January, 1872. An execution having issued upon this judgment, and her undivided half-share of the Wellswood plantation being seized by the sheriff, Mrs. Wells sued out an injunction restraining the sale of the property seized, and prays that the judgment rendered against her be decreed null and void on various grounds. She alleges that in the proceeding thus taken against her, a judgment by default was entered before she, a married woman, was authorized in any manner to appear in court; that the petition was served alone on her husband; that no personal service was ever made on her; that the appearance of William A. Seay as her attorney, his filing an answer for her, and all the acts done by him in the proceeding were without her knowledge, authority, or consent; that the judgment rendered against her was for a debt contracted by her husband for his own use and benefit, or that of the community, to assist him in his planting operations on Wellswood plantation; that without her knowledge and consent the judgment was rendered on compromise and agreement between her husband and plaintiffs, a fact which she but recently ascertained, having had no knowledge that the judgment was rendered until it was too late to appeal. These averments are sworn to on the petition for injunction. Judgment was rendered by the lower court annulling the judgment against the wife, and the defendants in injunction have appealed.

If there were defects in the citation in the suit of Joseph Hoy & Co. vs. Mrs. Wells, they were cured by the answer of the defendant to the merits. The prominent inquiry in this case appears to be, is the wife responsible for the indebtedness to Joseph Hoy & Co. contracted by her husband? We think it results from the facts shown by the evidence that she is not. It is not shown that she derived any benefit personally by the transactions that took place between Hoy & Co. and her husband, or that the husband acted as her agent, or by her authority. She is not separate in property from her husband, and the community of acquests and gains between them has never been dissolved. The debt is a community debt, for which the wife's paraphernal property is not bound. The merchants dealt solely with the husband, who was administering

his wife's separate estate. In the Wellswood plantation we have seen there were involved other interests than those of Mrs. Jeannette Wells. A part of it belonged to the succession of Jefferson Wells, and a part of it to Mrs. Martha L. Wells. This portion of the plantation was culti-vated, together with that part of it belonging to Mrs. Jeannette Wells, by Montfort Wells, and the whole of the place on his own account. In the agreement made by Montfort Wells and the attorney of Joseph Hoy & Co., by which it was arranged that a judgment should be rendered against Mrs. Jeannette Wells with stay of execution, and the indebted-ness be discharged in installments of one, two, and three years, the wife was not a party, and knew nothing of this agreement. Montfort Wells employed Mr. Seay, an attorney, to attend to the matter and have the judgment entered up strictly in conformity with the conditions agreed upon. Mr. Seay, whose testimony was taken under commission, says that he was never consulted in any manner, nor authorized by Mrs. Wells to act in this matter; that his services were engaged by Montfort Wells. It is clear that the attorney had no authority from the wife to act in her behalf. It appears by an act of settlement between the wife and the husband entered into in the year 1843, and introduced in evi-dence on the trial of this case, that Montfort Wells, the husband, con-veyed to his wife eight hundred acres of land now forming part of the Wellswood plantation in payment of paraphernal funds received by him and used for his own purposes. By this act the wife. declares that she resumes the control and administration of her separate paraphernal es-tate. It is, however, clear from the evidence, that during the period in which this indebtedness to Joseph Hoy & Co. was incurred, her husband alone had the administration of her separate estate, and that without objection on her part, and not as agent of his wife.

We think the judgment of the lower court was correctly rendered, and it is ordered that the same be affirmed with costs.